UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:21-cr-62-CEH-SPF

IVAN LAMAR VASQUEZ
_____/

## ORDER

This matter comes before the Court on Defendant Ivan Lamar Vasquez's Motion to Withdraw Plea of Guilty, made in his sentencing memorandum (Doc. 115) and orally requested (Doc. 131) at a hearing held December 20, 2022. In the motion, Defendant requests he be permitted to withdraw his plea of guilty because despite being advised at the change of plea hearing that he was subject to a sentence of a maximum of 10 years, the minimum mandatory sentence Defendant faces is 15 years. The Government has no objection to the motion (Doc. 119). The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Withdraw Plea of Guilty.

## DISCUSSION

A February 18, 2021 one-count indictment charged Defendant with being a felon in possession of a firearm and ammunition. Doc. 1. On July 7, 2022, Defendant pleaded guilty in open court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (Doc. 105). At the time of the change of plea hearing, the Magistrate Judge notified Defendant that he would be subject to a maximum sentence of 10 years,

in accordance with 18 U.S.C. § 924(a)(2). Since the change of plea hearing, the Eleventh Circuit issued a new opinion in *United States v. Jackson*, No. 21-13963, 2022 WL 17588240 (11th Cir. Dec. 13, 2022), the effect of which is to make Defendant subject to a mandatory minimum sentence of 15 years under the Armed Career Criminal Act (ACCA).[1] Defendant meets the ACCA criteria because he has at least three prior state court convictions for serious drug offenses, *see* Doc. 127, and therefore Defendant is subject to an enhanced sentence. *See Jackson*, No. 21-13963, 2022 WL 17588240, at *7 (11th Cir. Dec. 13, 2022) (concluding that the Supreme Court's reasoning in *United States v. McNeill*, 536 U.S. 816 (2011), compels the court to read ACCA's definition of a "serious drug offense" under state law to incorporate the version of the federal controlled-substances schedules in effect when the defendant was convicted of his prior state drug offenses).

Under Federal Rule of Criminal Procedure 11, "the district court must inform the defendant of any possible maximum penalty and any mandatory minimum penalty he will be subjected to by pleading guilty, and the district court must ensure that the defendant understands the sentencing range." *United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015) (citing Fed. R. Crim. P. 11(b)(1)(H)-(I)). "Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." *United States v.*

---

[1] At the time of the change of plea hearing, the Eleventh Circuit had recently issued its initial opinion in *United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), which was vacated on September 8, 2022, and ultimately superseded by the December 13, 2022 opinion.

*Hernandez–Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). That inquiry "must address three core concerns underlying Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *Id.* (internal quotation marks omitted). "The failure to address any of these three core concerns, such that a defendant's substantial rights are affected, requires automatic reversal of the conviction and the opportunity to plead anew." *Symington*, 781 F.3d at 1314 (citing *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996)).

Here, Defendant was advised at the change of plea hearing that he would be subject to a maximum of 10 years. However, as stated above, in accordance with the Eleventh Circuit's December 13, 2022 opinion in *United States v. Jackson*, this Defendant is now subject to a 15-year mandatory minimum. Thus, the Court cannot say that, at the time of making his plea, the Defendant knew and understood the consequences of his guilty plea. As such, the remedy is to permit Defendant the opportunity to withdraw his guilty plea. *See Symington*, 781 F.3d at 1314. A defendant may withdraw a guilty plea before a sentence is imposed if he shows a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Because Defendant was advised at the change of plea hearing that he was subject to a maximum sentence of 10 years and the Eleventh Circuit's recent opinion in *Jackson* mandates a 15-year minimum sentence, it is fair and reasonable to allow Defendant to withdraw his guilty plea. Accordingly, it is hereby

    **ORDERED**:

1. Defendant's Motion to Withdraw Plea of Guilty (Docs. 115, 131) is **GRANTED**.

2. This case is scheduled for a status conference on January 17, 2023, at 9:30a.m. in Tampa Courtroom 13A before Judge Charlene Edwards Honeywell.

**DONE AND ORDERED** in Tampa, Florida on December 20, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any