UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 8:21-cr-0062-CEH-SPF

IVAN LAMAR VASQUEZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

In February 2021, the Government charged Defendant Ivan Lamar Vasquez in a one-count Indictment under the felon-in-possession statute, 18 U.S.C. §§ 922(g)(1), 924(e) (Doc. 1). Defendant pleaded guilty (*see* Doc. 101) but in December 2022 moved to withdraw his plea after the Eleventh Circuit issued its opinion in *United States v. Jackson*, No. 21-13963, 2022 WL 17588240 (11th Cir. Dec. 13, 2022) (Doc. 131). Under *Jackson*, the minimum mandatory sentence Defendant faces if convicted is not 10 years (as it had been at the time of his change of plea hearing) but 15 years, because with his three prior state court convictions for serious drug offenses, he now meets the criteria of the Armed Career Criminal Act (*see* Doc. 136). The district judge granted Defendant's motion, withdrew his guilty plea (*id.*), and scheduled the case for an August 2023 trial (*see* Doc. 158).

Meanwhile, in June 2022 the United States Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022), and clarified the test for

determining if a firearm regulation complies with the Second Amendment. Defendant argues *Bruen* renders the felon-in-possession statute unconstitutional and moves to dismiss the indictment against him under Rule 12. Defendant does not develop his argument but states:

> Currently, the Eleventh Circuit has before it an appeal on this issue in *United States v. Andre Michael Dubois*, No. 22-10829. Rather than re-create the excellent arguments made by the parties in that appeal, the relevant sections of their appellate briefs are attached to this motion. With respect to the charged violation of 18 U.S.C. § 922(g)(1) and its constitutionality, Mr. Lamar Vasquez is similarly situated to Mr. Dubois, and incorporates herein Mr. Dubois' attached arguments on this issue.

(Doc. 156 at 2).[1]

The Government contends *Bruen* does not abrogate long-standing Eleventh Circuit precedent upholding the constitutionality of 18 U.S.C. § 922(g)(1) or Supreme Court precedent suggesting that statutes disqualifying felons from possessing firearms do not offend the Second Amendment. The undersigned agrees with the Government and recommends the Court deny Defendant's motion.

## I.   Legal Standard

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to request pre-trial dismissal of charges where there exists "a defect in the indictment," such as "an infirmity of law in the prosecution." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). This includes "jurisdictional claims that 'the applicable statute is unconstitutional or that the indictment fails to state an offense.'" *United States v. Faircloth*,

---

[1] As of the date of this Report and Recommendation, the Eleventh Circuit has not decided *Dubois*.

No. 2:14-cr-76-FtM-38MRM, 2015 WL 4757192, at *1 (M.D. Fla. Aug. 12, 2015) (quoting *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989)). If a defendant is charged with violating a law that proves unconstitutional, then the indictment is defective, and the charge must be dismissed.

A district court's review of an indictment upon a motion to dismiss is not "a pre-trial determination of sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam). Instead, a court looks to the face of an indictment to determine its sufficiency. *Id.* Here, the sole issue before the Court is the constitutionality of 18 U.S.C. § 922(g)(1), not the Government's ability to present evidence sufficient to prove its case against Defendant.

**II.   Analysis**

The Court interprets Defendant's argument as a facial challenge to the constitutionality of 18 U.S.C. § 922(g)(1) (*see* Doc. 156 at 2, stating that "the complete ban on possession of firearms by convicted felons is not firmly rooted in historical precedent in the United States."). In a facial challenge, a plaintiff "seeks to invalidate a statute . . . itself" and to vindicate not only his own rights "but also those of others who may be adversely impacted by the statute." *McGuire v. Marshall*, 50 F.4th 986, 1003 (11th Cir. 2022) (quoting *DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1262 (11th Cir. 2007)). "A facial challenge is really just a claim that the law or policy at issue is unconstitutional in all its applications." *Bucklew v. Precythe*, 139 S.Ct. 1112, 1127 (2019). A plaintiff who brings a facial challenge "bears the burden of proving that the law could never be applied in a constitutional manner[,]" *McGuire*, 50 F.4th at 1003 (quotation and citation omitted),

3

an "especially demanding standard." *Am. Fed'n of State, Cty. & Mun. Emps. Council 79 v. Scott*, 717 F.3d 851, 863 (11th Cir. 2013).

The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. But as the Supreme Court cautions, no right is unlimited. *District of Columbia v. Heller*, 554 U.S. 570 (2008). In *Heller*, the Supreme Court concluded that the Second Amendment protects the individual right to bear arms but that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which the Court described as "presumptively lawful." *Id*. at 625, 626, 627 n.26. Two years later, in *McDonald v. City of Chicago*, the Court reiterated that *Heller* "did not cast doubt on such longstanding regulatory measures as 'prohibition of firearms by felons . . .'" 561 U.S. 742, 786 (2010). Applying these pronouncements, in *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), the Eleventh Circuit (post-*McDonald*) upheld the constitutionality of the federal felon-in-possession statute. The Eleventh Circuit explained that "[w]hile felons do not forfeit their constitutional rights upon being convicted, their status as felons substantially affects the level of protection those rights are accorded." *Id*. "The [Supreme] Court made this clear," the Eleventh Circuit reasoned, "when it referred to those 'disqualified from the exercise of Second Amendment rights.'" *Id*. (quoting *Heller*, 554 U.S. at 625).

In 2012, two years after *Rozier*, the Eleventh Circuit, interpreting *Heller*, adopted a two-step framework for analyzing Second Amendment challenges to firearm regulations

4

(as had every other circuit court). *See GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1260 n. 34 (11th Cir. 2012). The first step asks if the restricted activity is protected by the Second Amendment. *Id*. If not, the inquiry is complete. *Id*. (citation omitted). But if the answer is yes, the second step requires a court to weigh the severity of the regulation against the ends the Government seeks to achieve, a process dubbed the "means-end" analysis. *Id*.

Fast forward ten years to June 2022, and the Supreme Court shifted the Second Amendment landscape with *Bruen*, holding that courts should not apply the second step – the means-end analysis – in the Second Amendment context. 142 S.Ct. at 2127. The *Bruen* Court explained that the means-end analysis was developed by the Courts of Appeal after *Heller* but that neither *Heller* nor the Second Amendment supported it. *Id*. at 2126-27, 2129. Put differently, under *Bruen*, courts may no longer balance the interests of an individual's right to possess a firearm against the Government's commitment to promoting personal and public safety to determine if a firearm regulation passes constitutional muster. *Bruen*'s new approach anchors itself instead in the Second Amendment's text and in the history of firearm regulations, with the Government bearing the burden of "affirmatively prov[ing] that its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. at 2127.

Against this legal backdrop, Defendant argues that *Bruen* abrogates *Rozier* and that the felon-in-possession statute is unconstitutional because there is no historical analog for the regulation. First, Defendant emphasizes that *Rozier* relied on dicta from *Heller* that acknowledged "longstanding prohibitions on felons possessing firearms." *See Rozier*, 598 F.3d at 771 ("*Heller* stated that 'nothing in our opinion should be taken to cast doubt on

5

longstanding prohibitions on the possession of firearms by felons . . . This language suggests that statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment.'"). To the contrary, the *Rozier* court reasoned that "to the extent that this portion of *Heller* limits the Court's opinion to possession of firearms by law-abiding and qualified individuals, it is not dicta" and that even "to the extent that this statement is [dicta], we shall still give it considerable weight." 598 F.3d at 771, n.6.; *see Peterson v. BMI Refractories*, 124 F.3d 1386, 1392 n.4 (11th Cir. 1997) (noting that "dicta from the Supreme Court is not something to be lightly cast aside").

Second, Defendant contends *Bruen* has abrogated *Rozier*, and this Court is now precedent-bound to reconsider the constitutionality of the felon-in-possession statute by applying *Bruen* and analyzing the history of firearms regulations aimed at convicted felons. This too is unavailing. *Rozier*'s post-*Heller* determination of § 922(g)(1)'s constitutionality binds this Court absent some convincing indication that its precedential impact has been extinguished, through subsequent direction from the Supreme Court (or the Eleventh Circuit *en banc*) either expressly overruling *Rozier* or undermining it to the point of abrogation. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015) (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). To abrogate precedent without expressly doing so, a "decision must clearly be on point." *Archer*, 531 F.3d at 1352 (quoting *Garrett v. Bd. of Trustees*, 344 F.3d 1288, 1292 (11th Cir. 2003)). If *Bruen* does not "directly conflict with, as opposed to merely weaken, the holding of the prior panel," the panel's decision has not been abrogated. *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009); *see*

*also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (noting that no "perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time" is sufficient grounds for casting the holding aside).

*Bruen* is not clearly on point with *Rozier* and does not undermine it to the point of abrogation. *Rozier* did not mention – much less rely upon – the means-end analysis rejected by the Supreme Court in *Bruen*, because the Eleventh Circuit did not adopt that approach until two years after deciding *Rozier*. Instead, in *Rozier* the Eleventh Circuit upheld the constitutionality of the felon-in-possession statute, reasoning purely from language in *Heller* and *McDonald* expressly recognizing the "longstanding prohibitions on the possession of firearms by felons[.]" 598 F.3d at 771.

Additionally, *Bruen*, rather than disturbing *Heller* and *McDonald*, went to lengths to clarify their continued application: *Bruen* describes its holding as "consistent with *Heller* and *McDonald*" *Id*. at 2126; "in keeping with *Heller*," *Id*. at 2127; "following the course charted by *Heller*"; and "having made the constitutional standard endorsed in *Heller* more explicit" *Id*. at 2138. Neither did *Bruen* abrogate the portion of *Heller* on which *Rozier* relied. While the *Bruen* Court recognized "an individual's right to carry a handgun for self-defense outside the home," 142 S.Ct. at 2122, it consistently characterized the holders of the right as *law-abiding* citizens. *See id*. ("recogniz[ing] that the Second and Fourteenth Amendments protect the right of an ordinary law-abiding citizen to possess a handgun in the home for self-defense" and "agree[ing]" with both parties that "ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense"); 2124-25 (describing petitioners as "law-abiding, adult citizens"); 2131 (describing the Second

Amendment as "the very product of an interest balancing by the people" which "surely elevates above all other interests the right of law-abiding, responsible citizens to use arms" (internal quotation marks omitted)).

Nothing in *Bruen* disturbs Congress's ability to regulate the disarmament of felons. With *Heller* and *McDonald* in full force after *Bruen*, *Rozier* remains binding precedent within the Eleventh Circuit on the constitutionality of the felon-in-possession statute.[2] This follows every court within the Eleventh Circuit that has decided the issue. *United States v. Palmore*, No. 7:23-CR-3 (WLS-TQL-1), 2023 WL 4055698, at *3 (M.D. Ga. June 16, 2023); *United States v. Alvin,* No. 22-20244-CR, 2023 WL 3979967 (S.D. Fla. May 22, 2023), *report and recommendation adopted*, No. 22-20244-CR, 2023 WL 3971060 (S.D. Fla. June 13, 2023); *United States v. Meyer*, No. 22-10012-CR, 2023 WL 3318492, at *1 (S.D. Fla. May 9, 2023); *Leonard v. United States*, No. 18-CR-20743-RAR-2, 2023 WL 2456042, at *10 (S.D. Fla. Mar. 10, 2023); *United States v. Johnson,* No. 22-CR-20370, 2023 WL 2308792 (S.D. Fla. Feb. 20, 2023), *report and recommendation adopted*, No. 1:22-CR-20370, 2023 WL 2302253 (S.D. Fla. Feb. 28, 2023); *United States v. Kirby*, No. 3:22-CR-26-TJC-LLL, 2023 WL 1781685, at *5 (M.D. Fla. Feb. 6, 2023); *United States v. Isaac*, No. 5:22-CR-117-LCB-HNJ-1, 2023 WL 1415597, at *5 (N.D. Ala. Jan. 31, 2023); *Gordon v. United States*, No. 1:14-CR-00312-ELR-JKL-1, 2023 WL 336137, at *1 (N.D. Ga. Jan. 20, 2023); *United States v. Williams*, No. 121CR00362LMMLTW1, 2022 WL 17852517, at *2 (N.D.

---

[2] Consequently, there is no need to address whether there is a historical analog for 18 U.S.C. § 922(g).

Ga. Dec. 22, 2022); *United States v. Mitchell*, No. CR 1:22-00111-KD-MU, 2022 WL 17492259 (S.D. Ala. Nov. 17, 2022)

In fact, almost every federal court that has considered the constitutionality of § 922(g)(1) since *Bruen* has upheld the statute. *United States v. Jackson*, 69 F.4th 495, 506 (8th Cir. 2023) (upholding constitutionality of § 922(g)(1) as applied to non-violent felon because *Bruen* did not disturb *Heller* or cast doubt on the prohibition on the possession of firearms by felons, and history supports the prohibition); *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022) (upholding § 922(g)(1) as applied to violent felons); *United States v. Keels*, No. 23-20085, 2023 WL 4303567, at *6 (E.D. Mich. June 30, 2023) (same); *see also Nicks v. United States*, No. 5:20-CR-97-KDB-DCK-1, 2023 WL 4356065, at *10 (W.D.N.C. July 5, 2023); *United States v. Jordan*, No. 1:23CR159, 2023 WL 4267602, at *2 (N.D. Ohio June 29, 2023); *United States v. Nelson*, No. 2:22-CR-20512-TGB-JJCG, 2023 WL 4249367, at *5 (E.D. Mich. June 29, 2023); *United States v. Estrada*, No. 1:22-CR-00256-BLW, 2023 WL 4181325, at *2 (D. Idaho June 26, 2023); *United States v. Hernandez,* No. 3:23-CR-0056-B, 2023 WL 4161203, at *7 (N.D. Tex. June 23, 2023); *United States v. Pineda*, No. 6:21-CR-00482-AA, 2023 WL 4053583, at *2 (D. Or. June 16, 2023); *United States v. Theo Summers Buffalo Bulltail*, No. CR 22-86-BLG-SPW-1, 2023 WL 3947823, at *1 (D. Mont. June 12, 2023); *United States v. Hale*, No. CR 22-131, 2023 WL 3866865, at *2 (E.D. La. June 6, 2023); *United States v. Giambro*, No. 2:22-CR-00044-GZS, 2023 WL 3727673, at *3-*4 (D. Me. May 30, 2023); *United States v. Martinez*, No. 2:21-cr-00219-APG-DJA, 2023 WL 3687726, at *3 (D. Nev. May 22, 2023); *United States v. Sais*, No. 22-CR-2456-GPC, 2023 WL 3510406, at *3 (S.D. Cal. May 17,

9

2023); *United States v. Villalobos*, No. 3:19-CR-00040-DCN, 2023 WL 3044770, at *11 (D. Idaho Apr. 21, 2023); *United States v. Guthery*, No. 2:22-CR-00173-KJM, 2023 WL 2696824, at *4 (E.D. Cal. Mar. 29, 2023); *United States v. Rice*, No. 3:22-CR-36 JD, 2023 WL 2560836, at *5 (N.D. Ind. Mar. 17, 2023); *United States v. Robinson-Davis*, No. 7:22-CR-00045, 2023 WL 2495805, at *3 (N.D. Ind. Mar 17, 2023); *United States v. Davis*, No. 1:21-cr-00206-ADA-BAM-1, 2023 WL 2505039, at *4 (E.D. Cal. Mar. 14, 2023); *United States v. Barnes*, No. 22-CR-43 (JPO), 2023 WL 2268129, at *1 (S.D.N.Y. Feb. 28, 2023); *United States v. Jackson*, No. CR22-37RSL, 2023 WL 1967199, at *5 (W.D. Wash. Feb. 13, 2023); *United States v. Coleman*, No. 3:22-CR-8-2, 2023 WL 122401, at *3 (N.D.W. Va. Jan. 6, 2023); *but see Range v. Attorney General United States of America*, __ F.4th ___, 2023 WL 3833404, at *8 (3d Cir. June 6, 2023) (reversing the district court's judgment and enjoining enforcement of § 922(g)(1) against Range, a non-violent felon, because "the Government has not shown that the Nation's historical tradition of firearms regulation supports depriving [the defendant] of his Second Amendment right to possess a firearm."); *United States v. Bullock*, No. 3:18-cr-165-CWR-FKB, __ F.Supp.3d ___, 2023 WL 4232309 (S.D. Miss. June 28, 2023) (applying *Bruen*, finding no historical analog for § 922(g)(1) in as-applied challenge by violent felon, and dismissing indictment); *Atkinson v. Garland*, __ F.4th ___, 2023 WL 4071542, at *1 (7th Cir. June 20, 2023) (remanding non-violent felon's as-applied Second Amendment challenge to §922(g)(1), which district court had rejected in pre-*Bruen* decision employing means-end analysis, for further briefing post-*Bruen* on historical analysis required by *Bruen*; directing district court to undertake *Bruen* analysis).

### III.  Conclusion

The Court **RECOMMENDS:**

(1) Defendant's motion to dismiss the indictment (Doc. 156) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida, on July 10, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.