UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:21-cr-62-CEH-SPF

IVAN LAMAR VASQUEZ
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for New Trial (Doc. 218), filed on August 21, 2024. In the motion, Defendant requests entry of an Order granting him a new trial considering the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024). The Government filed a response agreeing in part (Doc. 219), and Defendant replied (Doc. 225). A hearing on the motion was held October 24, 2024. The Court, having considered the motion, heard argument of counsel, and being fully advised in the premises, will grant Defendant's Motion for New Trial.

**DISCUSSION**

A February 18, 2021 Indictment charged Defendant Ivan Lamar Vasquez ("Defendant") with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc. 1. On October 17, 2023, an Information was filed charging Defendant with being a felon in possession of a firearm and ammunition. Doc. 183. Defendant waived the filing of a Superseding Indictment. Doc. 187. On July 7, 2022, Defendant entered a plea of guilty in open court before the

Magistrate Judge (Doc. 105), which this Court accepted on July 25, 2022 (Doc. 108). On September 30, 2022, Defendant moved to withdraw his guilty plea (Doc. 115) due to the Eleventh Circuit's opinion vacating its prior opinion in *United States v. Jackson*, which related to application of the Armed Career Criminal Act ("ACCA"). *See United States v. Jackson*, 36 F.4th 1294 (11th Cir. 2022), *vacated by United States v. Jackson*, No. 21-13963, 2022 WL 4959314 (11th Cir. Sep. 8, 2022). The Eleventh Circuit issued its superseding opinion in *Jackson* on December 13, 2022. *See United States v. Jackson*, 55 F.4th 846 (11th Cir. 2022), *cert. granted*, 143 S. Ct. 2457 (2023), and *aff'd sub nom., Brown v. United States*, 602 U.S. 101 (2024).

On December 20, 2022, this Court granted Defendant's motion to withdraw his guilty plea because, in accordance with the Eleventh Circuit's December 13, 2022 opinion in *Jackson*, the Defendant would be subject to a 15-year mandatory minimum under the ACCA. *See* Doc. 136. Given that Defendant was advised at the change of plea hearing that he would be subject to a maximum of 10 years, the Court could not say that, at the time of making his plea, the Defendant knew and understood the consequences of his guilty plea. As such, the remedy was to permit Defendant the opportunity to withdraw his guilty plea. *See United States v. Symington*, 781 F.3d 1308, 1314 (11th Cir. 2015).

Following the withdrawal of his guilty plea, Defendant consented to a stipulated bench trial before the undersigned, which was held October 24, 2023. Doc. 215. Based on the evidence presented at the non-jury trial, the Court found that the Government had proven the elements for the offense of felon in possession of a firearm beyond a

reasonable doubt, and accordingly, the Court adjudicated Defendant guilty of the offense of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Further, the Court found Defendant was convicted of the following prior offenses, which crimes were committed on different occasions from one another: July 14, 2010 conviction for delivery of cocaine that was committed on February 22, 2010; July 14, 2014 conviction for delivery of cocaine that was committed on February 23, 2010; July 14, 2010 conviction for delivery of cocaine that was committed on November 12, 2009; and July 14, 2014 conviction for delivery of cocaine that was committed on November 30th, 2011. Doc. 190.

On August 21, 2024, Defendant filed a Motion for New Trial arguing that the Supreme Court's recent decision in *Erlinger v. United States*, 144 S. Ct. 1840 (2024), requires a determination by a jury as to whether prior predicate crimes were committed on "separate occasions," for purposes of deciding whether a defendant qualifies for sentencing under the ACCA. Doc. 218. In his motion, Defendant requests a bench trial for a full consideration of the evidence of predicate offenses under the evidentiary rules. *Id.* at 3. The Government responds, in partial opposition, agreeing that a new trial is warranted, but opposing a non-jury trial. The Government argues that accepting Defendant's argument that he did not validly concede the separate occasions issue in light of *Erlinger*, it is questionable whether Defendant validly waived his jury trial right. In sum, the Government does not oppose a new trial but argues that it must be a jury trial, not a bench trial.

In his reply filed October 4, 2024 (Doc. 225), Defendant agrees with the Government that his waiver of jury trial is suspect, but he also contends that his waiver of Indictment is invalid as well. The Court heard argument on the motion on October 24, 2024. As both sides agree that a new trial, by jury, is the appropriate way to proceed and for the reasons discussed more fully at the hearing, the motion is due to be granted.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for New Trial (Doc. 218) is **GRANTED**.

2. The Clerk is directed to vacate the Adjudication of Guilt (Doc. 192), Special Verdict Form (Doc. 190), Forfeiture Finding (Doc. 191), Preliminary Order of Forfeiture (Doc. 198), and Final Order of Forfeiture (Doc. 202).

3. This case will be scheduled, by separate notice, for a status conference to be held on November 12, 2024, at 9:30 a.m., and for jury trial during the Court's December 2024 trial term, which commences December 2, 2024.

**DONE AND ORDERED** in Tampa, Florida on October 31, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any